UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LYNN REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-497-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WAL-MART STORES EAST, LIMITED PARTNERSHIP, dba MOUNT STERLING WAL-MART SUPERCENTER #1140 | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lynn Reynolds has moved the Court to remand this action to Montgomery Circuit Court. [Record No. 7] Reynolds does not contest diversity jurisdiction, but argues that the defendant's Notice of Removal was untimely. For the reasons that follow, the motion to remand will be granted.

Reynolds filed her Complaint in state court on November 3, 2017, alleging that she was injured when she slipped and fell while shopping at Defendant Wal-Mart Stores East, Limited Partnership, doing business as Mount Sterling Wal-Mart Supercenter #1140 ("Wal-Mart").[1] Wal-Mart removed the action to this Court on December 19, 2017, based on diversity of citizenship under 28 U.S.C. § 1332. *See also* 28 U.S.C. §§ 1441, 1446.

There must be complete diversity under § 1332 such that no plaintiff is a citizen of the same state as any defendant. Reynolds is a citizen of Kentucky. [Record No. 1-4, p. 26] Wal-

---

[1] The Plaintiff filed an Amended Complaint on November 15, 2017, to add allegations which were inadvertently omitted from the original Complaint.

Mart is a limited partnership, so the Court considers the citizenship of each of its partners. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354 (6th Cir. 2010); *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 459 (6th Cir. 1989). The Defendant has a general partner (WSE Management, LLC) and a limited partner (WSE Investment, LLC). Wal-Mart Stores East, Inc., the sole member of both LLCs, is incorporated under the laws of Arkansas with its principal place of business in Arkansas. [Record No. 1, p. 1] Accordingly, the Defendant is a citizen of Arkansas and the parties are completely diverse for purposes of § 1332.

The amount in controversy must exceed $75,000.00, exclusive of interest and costs. § 1332. The Plaintiff did not demand a sum certain consistent with Kentucky's pleading requirements. *See* Ky. R. Civ. P. 8.01(2). Instead, she sought unspecified damages for mental pain and suffering, lost wages, impaired earning capacity, and medical expenses. These are not the kinds of allegations that establish from the face of the pleading that the amount in controversy is more likely than not to exceed $75,000.00. *See Burgett v. Troy-Bilt LLC*, No. 11-110-ART, 2011 WL 4715176, *2 (E.D. Ky. Oct. 5, 2011). Reynolds does not dispute this, but argues that Wal-Mart had actual notice that she was seeking more than $75,000.00 in damages because she sent Wal-Mart's insurance carrier a $100,000.00 settlement demand on August 11, 2017, nearly three months before she filed suit in state court.

Wal-Mart does not mention the August 2017 settlement demand in its Notice of Removal or in its memorandum in support, which were filed on December 19, 2017. [*See* Record Nos. 1, p. 2, 1-5, pp. 5-6.] Instead, it contends that Reynolds sent it a $100,000.00 settlement demand on November 21, 2017. *Id.* Upon review of the record, it is clear that Reynolds sent the same settlement demand to the defendant before the suit was filed and again after it was filed. [Record Nos. 1-3; 8-2] Reynolds' position is that Wal-Mart's 30-day

removal period began running when the Complaint was filed based on Wal-Mart's "actual knowledge" of the amount in controversy as a result of the pre-suit settlement demand.

A defendant may only remove a case to federal court if it can establish by a preponderance of the evidence that the case satisfies the requirements for federal jurisdiction. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (overruled on other grounds). This Court has concluded that pre-suit demand letters may constitute some evidence of the amount in controversy. But, standing alone, they generally do not constitute a preponderance of the evidence. *See Smith v. Phillips & Jordan, Inc.*, No. 10-134-ART, 2011 WL 250435 (E.D. Ky. Jan. 24, 2011); *May v. Wal-Mart Stores, Inc.*, 751 F.Supp.2d 946, 949 (E.D. Ky. 2010). There is good reason for this, as pre-suit settlement demands often high-ball the worth of the case or significantly devalue it, to avoid the risks of going to trial. *Smith*, 2011 WL 250435, at *5 (citing *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F.Supp.2d 849, 854 (E.D. Ky. 2006)).

Reynolds' pre-suit settlement demand lacks sufficient information to corroborate the allegation that her claims actually are valued at $100,000.00. The demand letter indicates that her medical bills totaled $23,820.10 and she had sustained $8,072.00 in lost wages. This is distinguishable from the cases upon which the plaintiff relies, in which the defendants had concurrent knowledge of facts indicating that the damages, in fact, exceeded $75,000.00. *See Mozee v. Dugger*, 616 F.Supp.2d 672 (W.D. Ky. 2014) (plaintiff demanded $200,000 settlement defendant following serious automobile accident); *Whisman v. Perdue Farms, Inc.*, 5:07-55-JMH, 2007 WL 1150287 (Apr. 18, 2007) (pre-suit demand for $100,000.00 included an allegation that the plaintiffs had incurred veterinary bills and lost income in the amount of $195,967.55); *Bragg v. Ky. RSA #9-10, Inc.*, 126 F.Supp.2d 448 (E.D. Ky. 2001) (removal

deemed untimely because defendant had previously been provided professional report indicating that property damage totaled $483,000.00).

It is generally agreed in the Sixth Circuit that the amount in controversy is determined from the perspective of the plaintiff, with a focus on the economic value of the rights she seeks to protect. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401 (6th Cir. 2007). But a settlement demand is not determinative and is only *some* evidence of the amount in controversy. Without more, the defendant is not charged with "actual notice" of the amount in controversy.

The Court's inquiry does not end there, for there is an independent obligation to determine whether subject matter jurisdiction is proper. *Ky. Press Assoc., Inc. v. Com.*, 454 F.3d 505, 508 (6th Cir. 2006) (citing *Mt. Healthy City Sch. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977)). Accordingly, the Court must decide whether the defendant has shown, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied. After all, the fact remains that the only evidence concerning the amount in controversy is the post-litigation settlement demand.

District courts within this circuit have held that a demand letter can be "relevant evidence of the amount in controversy" if the demand "reflect[s] a reasonable estimate of the plaintiff's claim." *Conder v. Best Value, Inc.*, No. 3:08-cv-411-M, 2008 WL 4601915, *2 (W.D. Ky. Oct. 15, 2008) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Although the plaintiff demanded $100,000.00 to settle the case, the damages quantified in the demand letter total approximately $30,000.00. [*See* Record No. 1-3, p. 4] In response to the plaintiff's motion to remand, the defendant contends that, during a November 21, 2017 telephone call, plaintiff's counsel advised that Reynolds' medical expenses had increased to

deemed untimely because defendant had previously been provided professional report indicating that property damage totaled $483,000.00).

It is generally agreed in the Sixth Circuit that the amount in controversy is determined from the perspective of the plaintiff, with a focus on the economic value of the rights she seeks to protect. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401 (6th Cir. 2007). But a settlement demand is not determinative and is only *some* evidence of the amount in controversy. Without more, the defendant is not charged with "actual notice" of the amount in controversy.

The Court's inquiry does not end there, for there is an independent obligation to determine whether subject matter jurisdiction is proper. *Ky. Press Assoc., Inc. v. Com.*, 454 F.3d 505, 508 (6th Cir. 2006) (citing *Mt. Healthy City Sch. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977)). Accordingly, the Court must decide whether the defendant has shown, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied. After all, the fact remains that the only evidence concerning the amount in controversy is the post-litigation settlement demand.

District courts within this circuit have held that a demand letter can be "relevant evidence of the amount in controversy" if the demand "reflect[s] a reasonable estimate of the plaintiff's claim." *Conder v. Best Value, Inc.*, No. 3:08-cv-411-M, 2008 WL 4601915, *2 (W.D. Ky. Oct. 15, 2008) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Although the plaintiff demanded $100,000.00 to settle the case, the damages quantified in the demand letter total approximately $30,000.00. [*See* Record No. 1-3, p. 4] In response to the plaintiff's motion to remand, the defendant contends that, during a November 21, 2017 telephone call, plaintiff's counsel advised that Reynolds' medical expenses had increased to

$31,722.40 and that she still had been unable to return to work. [Record No. 14, pp. 1-2] However, informal oral communications between counsel do not constitute an "other paper" for purposes of § 1446(b)(3). Regardless, applying the pay rate provided in the demand letter, the damages still total only $45,614.40.

Reynolds seeks an unspecified amount of damages for physical and mental pain and suffering, but it is far from clear that the additional damages would cause the total to reach the federal amount-in-controversy requirement. Put simply, the defendant has not shown that the demand letter reflects a reasonable estimate of the plaintiff's claim and, accordingly, has not shown by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.00.

Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to remand [Record No. 7] is **GRANTED**. This matter shall be **REMANDED** to Montgomery Circuit Court.

This 5th day of February, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge